UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

MATTHIAS AMEER,                                      Civil Action No.

                Plaintiff,

   - against -                                             **COMPLAINT**

FLEET MECHANICAL SYSTEMS INC., and           Plaintiff Demands a Trial
THOMAS FLEET, individually,                                By Jury

                Defendants.

------------------------------------------------------------------------X

Plaintiff, MATTHIAS AMEER (hereinafter referred to as Plaintiff or "AMEER"), by his attorneys, DEREK SMITH LAW GROUP, PLLC, as and for his Complaint in this action against the Defendants, FLEET MECHANICAL SYSTEMS INC., (hereinafter referred to as "FMS"), and THOMAS FLEET (hereinafter referred to as "FLEET"), individually, (hereinafter collectively referred to as "Defendants"), respectfully alleges as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights pursuant to, *inter alia,* the New York State Human Rights Law; New York Executive Law, § 290, *et seq.* ("the Executive Law"); and the Administrative Code of the City of New York 8-107 *et seq.* ("NYCHRL"), seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff has suffered as a result of, *inter alia*, sex/gender discrimination, sexual orientation discrimination, and sexual harassment, together with hostile work environment, retaliation, and unlawful termination by Defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S. Code § 1332, because Plaintiff is a citizen of the State of Maryland, Defendants are all citizens of New York State, and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this District based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

## PARTIES

4. Plaintiff AMEER is an individual African-American male residing in Maryland.

5. At all times material, Defendant FMS is a domestic business corporation duly existing by the virtue and laws of the State of New York that does business in the State of New York.

6. At all times material, FMS provides plumbing, heating, and mechanical services in New York.

7. At all times material, Defendant FLEET was and is the Owner of FMS and employed by FMS as a Manager. Defendant FLEET held a supervisory position at FMS, controlling many tangible aspect of Plaintiff's job duties, including holding the power to hire and fire Plaintiff. Defendant FLEET is a Caucasian male.

8. Upon information and belief, at all times material, FMS meets the definition of an "employer" under all applicable state and local statutes.

9. At all times material, Defendant FMS employed Plaintiff as a Laborer.

## FACTUAL ALLEGATIONS

10. In or around October 2017, Plaintiff met Defendant FLEET. Defendant FLEET gave Plaintiff his card.

11. In or around October 2017, Defendant FLEET repeatedly reached out to Plaintiff. Defendant FLEET eventually communicated with Plaintiff and offered him a job, which Plaintiff accepted.

12. In or around October 2017, Plaintiff arrived at Defendant FLEET's office to work and met Defendant FLEET and his assistant, AMANDA (last name unknown) (hereinafter referred to as "AMANDA"). Defendant FLEET told him to go to the property next door, also owned by Defendant FLEET, and clean it up. Plaintiff did so.

13. After Plaintiff finished cleaning the property around 4:00 p.m., he went back to Defendant FLEET's office and found Defendant FLEET and AMANDA snorting cocaine. Plaintiff informed them that he finished cleaning, and AMANDA left.

14. As Plaintiff waited to be paid, Defendant FLEET asked him if he was doing anything later and invited him out for dinner. Plaintiff said no, and Defendant FLEET showed Plaintiff pictures of a female friend he was going to dinner with. Defendant FLEET talked about having sexual intercourse with this friend. Plaintiff felt uncomfortable because of these sexually harassing comments, but patiently waited to be paid for his work.

15. Defendant FLEET then told Plaintiff to give him "a few minutes" to retrieve Plaintiff's payment and left the room. Plaintiff waited outside.

16. Approximately fifteen (15) minutes later, Defendant FLEET called Plaintiff on his cell phone and told him to come back inside. Plaintiff complied.

17. To Plaintiff's horror, he re-entered the office to find Defendant FLEET wearing a woman's dress. The office television was playing a pornographic film of a man having sexual intercourse with another man wearing a dress. Plaintiff was shocked and appalled.

18. Defendants subjected Plaintiff to a hostile work environment on the basis of his gender and sexually harassed Plaintiff.

19. Defendant FLEET paid Plaintiff $250.00 in cash for his work and told Plaintiff to sit down. Plaintiff sat down, terrified.

20. Defendant FLEET then told Plaintiff to take his pants off. Plaintiff said, "No." Plaintiff was deeply disturbed by Defendant FLEET's sexual advances.

21. Defendant FLEET became upset by Plaintiff's rejection of his sexual advances, saying, "I gave you all that money." Plaintiff replied, "I don't swing that way. You can have it back."

22. Defendant FLEET then requested $150.00 back out of the $250.00 he paid Plaintiff so that Defendant FLEET could purchase cocaine. Plaintiff returned the $150.00 to FLEET. Defendant FLEET then gave Plaintiff his credit card and assured Plaintiff that he would give him the $150.00 back later.

23. Defendant FLEET told Plaintiff, "Don't knock it until you try it," referring to the act of having sex with a man dressed as a woman.

24. Defendant FLEET then pulled a large, double-sided pink dildo out of his anus. The dildo had fecal matter on it and was at least a foot long. Plaintiff was so shocked and horrified that he immediately ran out of the room. This was the last day Plaintiff ever saw Defendant FLEET.

25. Defendants discriminated against and constructively terminated Plaintiff because of his sex/gender and sexual orientation, and because he complained or opposed the unlawful conduct of Defendants related to the above protected classes.

26. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

27. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

28. The above are just some of the examples of unlawful discrimination and retaliation to which Defendants subjected Plaintiff.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

31. Plaintiff also seeks reinstatement.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

32. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

33. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, [Effective January 19, 2016: familial status,] marital status, or domestic

violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

34. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sex/gender and sexual orientation, as well as creating a hostile work environment and subjecting Plaintiff to a wrongful termination.

35. Plaintiff hereby make a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296 including sex/gender and sexual orientation.

36. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

39. Defendants engaged in an unlawful discriminatory practice by constructively discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

40. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

6

41. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

42. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

    "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

44. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

45. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law Section 296.

46. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions and otherwise discriminating against the Plaintiff as set forth herein.

50. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

51. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

54. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

55. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions and otherwise discriminating against the Plaintiff as set forth herein.

50. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

51. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

54. Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

55. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

56. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

59. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

60. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling, and coercing the above discriminatory, unlawful, and retaliatory conduct.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State City Administrative Code Title 8.

65. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. New York City Administrative Code Title 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

    (1) the employee or agent exercised managerial or supervisory responsibility; or

    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's

discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

68. Defendants violated the section cited herein as set forth and Plaintiff suffered numerous damages as a result.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Dated: New York, New York
August 22, 2018

DEREK SMITH LAW GROUP, PLLC

*Attorneys for Plaintiff*

By: ___/s/ Ishan Dave_____
Ishan Dave, Esq.
1 Pennsylvania Plaza, 49th Floor
New York, New York 10119
(212) 587-0760